# Order

**Michigan Supreme Court**
**Lansing, Michigan**

February 12, 2021

Bridget M. McCormack,
Chief Justice

Brian K. Zahra
David F. Viviano
Richard H. Bernstein
Elizabeth T. Clement
Megan K. Cavanagh
Elizabeth M. Welch,
Justices

158852 (115)


DETROIT ALLIANCE AGAINST THE RAIN
TAX, DETROIT IRON & METAL COMPANY,
AMERICAN IRON & METAL COMPANY,
McNICHOLS SCRAP IRON & METAL
COMPANY, MONIER KHALIL LIVING TRUST,
and BAGLEY PROPERTIES, LLC,
        Plaintiffs-Appellants,

v

CITY OF DETROIT, DETROIT WATER AND
SEWERAGE DEPARTMENT, and DETROIT
BOARD OF WATER COMMISSIONERS,
        Defendants-Appellees.
_____/

SC: 158852
COA: 339176

        On order of the Court, the motion for reconsideration of this Court's December 11, 2020 order is considered, and it is GRANTED, in part. We MODIFY our order dated December 11, 2020 to provide that the appellants may participate in the proceedings below undertaken pursuant to MCR 7.206(E)(3)(d). In all other respects, the motion for reconsideration is DENIED.

        We do not retain jurisdiction.

        CLEMENT, J. (*concurring*).

        I am concerned about the confusion expressed by the movants in this motion about what is to be achieved on remand, and I write separately to identify what I believe needs doing. The Court of Appeals held that the sewer system at issue is distinguishable from the sewer system we considered in *Bolt v City of Lansing*, 459 Mich 152 (1998), because the *Bolt* system was "separated" while this sewer system is "combined." In remanding this matter for further factual development, I believe the Court has communicated that the mere fact that this sewer system is combined is not, on its own, sufficient to uphold the constitutionality of this financing scheme. By the same token, however, the Court has remanded because it clearly does not believe it has enough factual understanding of this case to strike down the sewer charge either. The critical problem, it seems to me, is that

we have no way of assessing how *proportional* the money being assessed is to the benefit that is being conferred.

How would a court go about determining that? It seems to me that a court would, at minimum, need reasonable estimates on issues such as: (1) what is the overall cost of the sewer system, (2) what portion of that overall cost is reasonably ascribed to the storm-sewer service vis-à-vis the sanitary-sewer service, (3) how is the cost of the storm-sewer service being apportioned among property owners in the city, and (4) are the city's assumptions about the amount of water that runs off of permeable vs. impermeable ground reasonable? It goes without saying that these inquiries cannot be calculated with absolute mathematical precision, but at least some effort at an estimate should be made. As a trivial example I can think of, we might calculate approximately how many gallons of storm-sewer water the system processes vis-à-vis the number of gallons of sanitary-sewer water, and use this as a way of apportioning the overall cost of the system between its storm and sanitary components. Of course, it may be reasonable to refine this further—perhaps sanitary-sewer water is, on average, more expensive to treat, thus affecting the ratio. In any event, it seems to me the only way we can assess whether property owners are being charged no more than the fair value of the service provided to each owner's parcel is to have a reasonable estimate of the total cost of the storm-sewer system.

Plaintiffs have raised facially legitimate questions about this system. It is, for example, fair to wonder how, if many property owners are not being assessed anything, the overall system can remain financially viable unless those owners who *are* paying are being charged more than the value of the service being provided to them to make up for foregone revenue from parcels not being charged. It is also fair to question whether the cost of clearing water from city streets is a benefit that can be involuntarily paid for via a "fee" rather than a "tax." But by the same token, I am not aware of a rule in our Headlee jurisprudence saying that municipalities may not provide services at *less* than their cost to property owners (including, perhaps, to the municipality itself as a landowner); rather, I understand our law as allowing municipalities to charge *no more than* the reasonable cost of the service conferred. It appears to me that on this record, we simply cannot determine whether property owners are being overcharged. I would note, in this regard, that we sit in *review* of the Court of Appeals, and it made no findings on these matters. Even if, theoretically, the answers to these questions appear somewhere in the record, it is not for this Court to identify them. Therefore, I concur with the order remanding for fact-finding, both in the technical sense of "[t]he process of considering the evidence presented to determine the truth about a disputed point of fact," *Black's Law Dictionary* (11th ed), as well as in the nonlegal, very literal sense of locating these facts within the record.

I further note that plaintiffs have maintained throughout these proceedings, and continue to maintain in this motion, that fact-finding of the sort this Court has ordered is unnecessary. By contrast, the plaintiffs in *Binns v Detroit* (Docket No. 158856) argued in this Court that the Court of Appeals erred by ruling on this case without referring the matter

to a circuit court for fact-finding under MCR 7.206(E)(3)(d). I believe our initial orders directing that these matters be remanded to the Court of Appeals and that this matter be held in abeyance for *Binns* were a fair reflection of this distinction between the cases, and I therefore do not believe it is necessary that we grant this relief. That said, I also believe granting this relief is harmless, and so I do not object to the entry of this order.

WELCH, J., did not participate because the Court considered this case before she assumed office.





I, Larry S. Royster, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

February 12, 2021

Clerk

s0209b